REGINA GOEBEL *v.* RICHARD P. GLOVER ET AL.
(AC 25545)

Lavery, C. J., and Harper and Berdon, Js.

Argued February 10—officially released September 20, 2005

*Richard McCarthy*, for the appellant (plaintiff).

*James J. Farrell*, for the appellees (defendants).

*Opinion*

BERDON, J. The plaintiff, Regina Goebel, appeals from the judgment rendered by the trial court after it granted the motion for summary judgment filed by the defendants, Richard P. Glover and Lisa S. Glover. The plaintiff claims that the court improperly concluded that General Statutes § 49-92a invalidates a purchaser's lien on property when the written agreement was not witnessed and acknowledged. We disagree and affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the plaintiff's appeal. The plaintiff entered into an agreement with the defendants to purchase property located at 319 Old Stratfield Road in Fairfield. Pursuant to the agreement, she deposited $28,000 with Nora Treschitta, the defendants' attorney and escrow agent. In the contract, the parties agreed that "[a]ll sums paid on account of this Agreement . . . are hereby made liens on the Premises, but such liens shall not continue after default by the [plaintiff] under this Agreement." The agreement also included a mortgage contingency clause, which made the contract "contingent upon [the plaintiff's] obtaining a written commitment for a loan, to be secured by a first mortgage on the Premises . . . ." If the plaintiff failed "to obtain a written commitment for such a loan on or before October 1, 2003, and if [the plaintiff] notifie[d] [the defendants] or [the defendants'] attorney, Nora Treschitta, in writing, at or before 5:00 p.m., on said date, then [the] Agreement shall be null and void and the [plaintiff] shall be entitled to the immediate return

by [the defendants] of all sums paid by [the plaintiff] on account of [the] Agreement except for the sum of Two Hundred Fifty Dollars ($250.00) Dollars towards the costs of preparation of [the] Agreement."

The plaintiff initially obtained a written commitment for a loan and mortgage, but on September 24, 2003, the lender rescinded the approval. The October 1, 2003 mortgage contingency date passed with the plaintiff unable to obtain the necessary written commitment for the loan. Without a loan, the plaintiff could no longer tender to the defendants the agreed on purchase price for the property, and she sought the return of the $28,000 deposit she paid to Treschitta. On November 12, 2003, the plaintiff recorded the agreement on the Fairfield land records, but without any witnessed signatures of the parties to the real estate contract or acknowledgments of the signatures of the parties to the agreement.[1]

The plaintiff filed an action against the defendants seeking, among other relief, the foreclosure of an alleged purchaser's lien on the property, immediate possession of the premises and a deficiency judgment against the defendants. The defendants filed a motion for summary judgment, seeking judgment in their favor, a discharge of the lis pendens relating to this action and an order declaring the purchaser's lien invalid. The court granted the motion and the relief sought by the defendants. The plaintiff filed a motion to reargue the defendants' motion for summary judgment, which the court denied, and then filed this appeal.

"In seeking summary judgment, it is the movant who has the burden of showing the nonexistence of any issue of fact. The courts are in entire agreement that the moving party for summary judgment has the burden

---

[1] On or about November 20, 2003, Treschitta refunded $20,000 of the plaintiff's deposit, but has retained $8000, claiming it as damages the defendants have incurred from the rescission of the sale agreement.

of showing the absence of any genuine issue as to all the material facts, which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. The courts hold the movant to a strict standard. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . . As the burden of proof is on the movant, the evidence must be viewed in the light most favorable to the opponent. . . . Once the moving party has met its burden, however, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book § [17-45]. . . . Our review of the trial court's decision to grant [a] motion for summary judgment is plenary." (Internal quotation marks omitted.) *Boone* v. *William W. Backus Hospital*, 272 Conn. 551, 558–59, 864 A.2d 1 (2005).

The plaintiff claims that she has a contractual lien on the property, separate from any purchaser's lien created by statute, and that the court should have denied the defendants' motion for summary judgment. The defendants contend that the contract the plaintiff filed on the Fairfield land records does not conform to § 49-92a[2] and, therefore, she has no lien on the property.

[2] General Statutes § 49-92a (a), which sets forth the requirements to create a purchaser's lien on land and the procedure for foreclosing such a lien, provides: "A purchaser's lien is created for the amount of the deposit paid pursuant to and stated in a contract for the conveyance of land by the recording of such contract, or a notice thereof, in the records of the town in which the land is situated, provided the contract, or notice thereof, is executed by the owner and by the vendee of the land, *witnessed and acknowledged in the same manner as required for a deed for the conveyance of land* and describes the particular land to which it refers. Such purchaser's lien shall be prior to any other liens and encumbrances originating after

We conclude that the statute occupies the field and agree with the defendants' claim that the plaintiff has no lien on the property.

The plaintiff concedes that she does not hold a statutory purchaser's lien on the property because the contract she filed on the Fairfield land records did not contain the witnessed and acknowledged signatures required by § 49-92a. She claims that her agreement with the defendants creates an equitable, common-law lien on the property, on which she can now foreclose, notwithstanding the unsatisfied conditions of the purchaser's lien statute. In so arguing, the plaintiff asserts that *Columbia Federal Savings Bank* v. *International Site Consultants, Inc.*, 40 Conn. App. 64, 669 A.2d 594, cert. denied, 236 Conn. 910, 671 A.2d 824 (1996), the case the trial court found controlled the outcome in this case, supports her position. The plaintiff's assertion relies, however, on too narrow a reading of the case.

The plaintiff claims that *Columbia Federal Savings Bank* permits both statutory and equitable liens held on the same property to exist alongside each other. To support her claim, she limits the holding of the case so that it applies the two year statute of limitations of General Statutes § 49-92c only to the purchaser's lien created by § 49-92a and a common-law equitable lien on the property subject to that purchaser's lien. "It is well settled [however] that [i]n construing a statute, common sense must be used . . . . Further, we must construe a statute to avoid results that are irrational and insensible. . . . Common sense dictates that the legislature intended to subject the common law equitable lien to the statutory provisions." (Citations omitted; internal quotation marks omitted.) *Columbia Federal*

the contract, or notice thereof, is recorded. A purchaser's lien may be foreclosed in the same manner as a mortgage. Transfer of title of the land to the vendee constitutes a release and discharge of the lien." (Emphasis added.)

*Savings Bank* v. *International Site Consultants, Inc.,* supra, 40 Conn. App. 69. Although the case addresses directly the statute of limitations for a purchaser's lien set forth in § 49-92c and holds that a common-law lien also remains viable for that two year period of time, the common-law equitable lien should also be subject to the provisions of § 49-92a, which govern creation of the lien. To permit the holder of an invalid purchaser's lien on property, such as the plaintiff, to hold a valid equitable lien on that property, would lead to an irrational and insensible result.

In concluding that the purchaser's lien created by the mechanisms set forth in § 49-92a supplants a consensual common-law lien held on property subject to the statutory lien, we are mindful that "[i]n determining whether or not a statute abrogates or modifies a common law rule the construction must be strict, and the operation of a statute in derogation of the common law is to be limited to matters clearly brought within its scope. . . . Although the legislature may eliminate a common law right by statute, the presumption that the legislature does not have such a purpose can be overcome only if the legislative intent is clearly and plainly expressed. . . . We recognize only those alterations of the common law that are clearly expressed in the language of the statute because the traditional principles of justice upon which the common law is founded should be perpetuated." (Internal quotation marks omitted.) *Rumbin* v. *Utica Mutual Ins. Co.,* 254 Conn. 259, 265–66, 757 A.2d 526 (2000). In situations in which the statute applies, the language of § 49-92a clearly expresses a derogation of the common-law right to an equitable lien on property. The statute's mechanism for creating a purchaser's lien on property, if followed, replaces the procedures for creating an equitable lien on that property.

The judgment is affirmed.

In this opinion the other judges concurred.